IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAMONT & VIOLET K. DRAINE, | : | BANKR. NO. 10-10363BIF |
| | : | |
| Debtors. | : | |

_____

| | | |
|---|---|---|
| ROBERTA A. DEANGELIS, | : | |
| UNITED STATES TRUSTEE | : | ADVERSARY NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT & VIOLET K. DRAINE, | : | |
| | : | |
| Defendants. | : | |

_____

**COMPLAINT OF THE UNITED STATES TRUSTEE
OBJECTING TO DEBTORS' DISCHARGE**

Roberta A. DeAngelis, the United States trustee for Region 3, which includes the Eastern District of Pennsylvania (the "U. S. trustee" and/or "Plaintiff"), by and through her undersigned counsel, as and for her complaint objecting to the granting of a discharge to Lamont and Violet K. Draine (the "Debtors" and/or "Defendants") respectfully alleges as follows:

**<u>JURISDICTION</u>**

1. Plaintiff is the United States trustee for the Eastern District of Pennsylvania, and files this proceeding pursuant to the authority granted to her in Title 11, Sections 307 and 727(c)(1) of the United States Code.

2. Defendants are Lamont and Violet K. Draine whose residence is believed to be located at 2704 Price Street, Chester, Delaware County, Pennsylvania 19013, Debtors in bankruptcy case number 10-10363.

3. Venue of this proceeding is in the United States District Court for the Eastern District of Pennsylvania pursuant to Title 28, Section 1409(a) of the United States Code.

4. This Court has jurisdiction to hear and determine this complaint pursuant to Title 28, Sections 1334(b) and 157 of the United States Code.

5. This matter is a core proceeding pursuant to Title 28, Section 157(b)(2)(J) of the United States Code.

## BACKGROUND FACTS

6. Defendants/Debtors commenced the instant bankruptcy case on January 18, 2010, by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

7. On or about January 19, 2010, Terry Dershaw, Esquire was appointed trustee (the "Chapter 7 Trustee") in the Defendants' bankruptcy case.

8. Concurrent with the filing of their Petition, the Defendants filed their Schedules and Statement of Financial Affairs.

9. The Defendants stated on Schedule B that at the time they filed their Petition, they had no cash on hand, and no checking and/or savings accounts.

10. The Defendants stated on their Statement of Financial Affairs that at the time they filed their Petition, Mr. Draine was a party to a worker's compensation action against what is believed to be his former employer, and listed this action as "pending." The Defendants further stated that they had made no transfers of any assets within two years of the filing of their Petition, and that they had not closed any accounts at any financial institution within one year of the filing of their case.

11. The initial Meeting of Creditors pursuant to 11 U.S.C. § 341(a) was scheduled for February 24, 2010, however the Defendants failed to appear. The Meeting was continued several additional times, and was finally held on April 28, 2010. The Meeting has not yet been concluded.

12. Prior to the date the Meeting of Creditors was actually held, the Chapter 7 Trustee discovered that the Defendants had received in excess of $150,000 from the settlement of the above referenced worker's compensation action shortly before they filed their bankruptcy case.

13. The Chapter 7 Trustee and the Debtors subsequently entered into an agreement, in the form of a consent order (the "Consent Order"), whereby the Defendants agreed to turn over to the Chapter 7 Trustee sufficient funds to pay all filed claims in their bankruptcy case in full, together with the Trustee's commission and other expenses. The Consent Order further provided that the Defendants were to immediately deposit $30,000 with the Trustee, and pay over the remaining funds to the Trustee within seven days of being notified by the Trustee of the amount necessary to pay all filed claims in full. The Consent Order was entered by the Court on May 20, 2010.

14. The Consent Order also provided for an extension of the deadline for filing a complaint objecting to discharge to July 31, 2010.

15. On the same day the Consent Order was entered, the Defendants filed an amended Schedule B, adding a bank account with TD Bank with a balance of approximately $33,000, and an annuity with Prudential in the approximate amount of $100,000. The Defendants also filed an amended Schedule C exempting most of the funds in the TD Bank

account, which they amended again on July 7, 2010, to remove the TD Bank account, presumably in response to an objection filed by the Chapter 7 Trustee to the first amended claim of exemptions.

16. The Defendants did pay the initial deposit to the Trustee.

17. On or about June 18, 2010, the Chapter 7 Trustee notified the Defendants of the amount necessary to pay all filed claims in full, together with his commission and other expenses. Upon information and belief, the Defendants have refused, and continue to refuse to turn over to the Trustee any funds subsequent to the payment of the initial deposit.

### COUNT 1 - THE DEFENDANTS, WITH INTENT TO HINDER, DELAY OR DEFRAUD, CONCEALED PROPERTY AND MADE PRE- AND/OR POST-PETITION TRANSFERS THEREOF

18. The U. S. trustee re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 17.

19. Monies received and/or receivables collected, as well as any undisclosed assets and/or interests, equitable or otherwise, the Defendants owned and/or controlled immediately prior to the commencement of their bankruptcy case were assets of the Defendants owned during the year preceding the filing of the case, or assets of the bankruptcy estate pursuant to 11 U.S.C. § 541.

20. The Chapter 7 Trustee is charged with administering the assets of the estate pursuant to 11 U.S.C. § 704.

21. Section 727(a)(2)(A) and (B) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this

       title, has transferred, removed, destroyed, mutilated or concealed,
or permitted to be transferred, removed, destroyed, mutilated, or
concealed--

           (A) property of the debtor within one year before
the date of the filing of the petition, or

           (B) property of the estate, after the date of the
filing of the petition.

22.     Based on the Defendants' concealment of assets and the pre- and/or post-petition transfers thereof, the Defendants' request for a discharge of their debts should be denied.

### COUNT 2 - THE DEFENDANTS KNOWINGLY AND FRAUDULENTLY, IN OR IN CONNECTION WITH THIS CASE, MADE A FALSE OATH OR ACCOUNT.

23.     The U. S. trustee re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 22.

24.     Section 727(a)(4)(A) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

25.     Based on the Defendants' failure to disclose income, assets, and transfers thereof on their Schedules and their Statement of Financial Affairs, both of which were completed and submitted under penalty of perjury, the Defendants' request for a discharge of their debts should be denied.

### COUNT 3 - THE DEFENDANTS HAVE REFUSED TO OBEY A LAWFUL ORDER OF THE COURT

26.     The U. S. trustee re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 25.

27. Pursuant to the Consent Order, the Defendants were required to turn over to the Chapter 7 Trustee sufficient funds to pay all filed claims in full, together with the Trustee's commission and other expenses within seven days of being notified by the Trustee of the amount necessary to pay such claims and expenses.

28. The Consent Order is a lawful order of this Court.

29. The Defendants have refused to obey the Consent Order.

30. Section 727(a)(6)(A) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless "the debtor has refused, in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify."

32. Based on the Defendants' refusal to obey the Consent Order, the Defendants' request for a discharge of their debts should be denied.

**[INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

Wherefore, the U. S. trustee respectfully requests that the Court enter judgment in favor of the U. S. trustee, denying the Defendants' request for a discharge, and grant such further and other relief as is just.

Respectfully submitted,

ROBERTA A. DEANGELIS
United States Trustee

By: _/s/ Dave P. Adams_
    Dave P. Adams
    Kevin Callahan
    Trial Attorney
    Office of the U. S. Trustee
    833 Chestnut Street, Suite 500
    Philadelphia, Pennsylvania 19107
    (215) 597-4411

DATED this 2nd day of August, 2010.    (215) 597-5795 (fax)